**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW PRICE, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL ACTION <br><br> No. 10-20129-05-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on the <u>Motion Of Defendant Andrew Price For Reconsideration Of Detention Pending Trial With Suggestions In Support</u> (Doc. #148) filed November 12, 2010. On November 23, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained pending trial.

## Procedural Background

On October 7, 2010, a grand jury charged 16 individuals in a 49 count indictment alleging a wide-ranging drug conspiracy. The indictment charged defendant with conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 280 grams of cocaine base (Count 1); conspiracy to maintain a drug involved premise within 1000 feet of a school (Count 11); use of a communication facility in causing or facilitating the commission of a controlled substance act violation (Count 31); distribution of cocaine base (crack cocaine) within 100 feet of a school (Count 47) and a forfeiture allegation. <u>See</u> Indictment (Doc. #1). After a detention hearing, Magistrate Judge David J. Waxse ordered that defendant be detained pending trial. <u>See</u> <u>Order Of Detention Pending Trial</u> (Doc. #129) filed October 27, 2010.

**Standard of Review**

A defendant may seek review of a magistrate judge's order of detention. See 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See id. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

**Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled

> substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community"). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990).

Here, the indictment charges defendant with conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 280 grams of cocaine base (Count 1) and distribution of crack cocaine (Count 47), both of which carry a maximum term of imprisonment

of ten or more years.[1] Thus, under the Controlled Substances Act, the indictment raises the rebuttable presumptions of risk of flight and danger to the community. See United States v. Martinez, No. 99-40095-01-SAC, 1999 WL 1268376, at *3 (D. Kan. Nov. 3, 1999).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in the particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Stricklin, 932 F.2d at 1355. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)).

The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

---

[1] In fact, Count 1 carries a *minimum* term of ten years.

**Analysis**

Based on the parties' request, the Court incorporates the record of the proceedings conducted by the magistrate judge.

**I.      Nature And Circumstances Of The Offense**

As noted, two of the counts against defendant trigger the rebuttable presumption for detention. Accordingly, this factor favors detention.

**II.     Weight Of The Evidence**

The government proffered strong evidence that defendant committed the crimes charged. Highly summarized, the government proffered the following evidence:

Defendant was an integral member of a drug trafficking organization which began even before the August 29, 2007 date set out in the indictment.[2] Defendant and others exercised managerial power regarding the primary drug trafficking residence, 2632 North 20th Street. Defendant's drug trafficking activities include a sale of crack cocaine from this residence on September 16, 2010.

On October 13, 2010, officers searched the house at 2632 North 20th Street. They found defendant and four co-conspirators there, with approximately 30.9 gross grams of crack cocaine including crack cocaine cooking on a hot plate. Defendant initially fled from the house with a loaded firearm. Officers ultimately caught and arrested defendant.

Defendant has offered no evidence to dispute the charges. The weight of evidence favors detention.

---

[2]  The indictment charges that the conspiracy ran from August 29, 2007 to October 5, 2010.

**III.    History And Characteristics Of Defendant**

Defendant is 32 years old and has never been married. Defendant has lived in or near Kansas City, Kansas his entire life. Defendant appears to have strong family ties to Kansas City, Kansas. His father, mother and four brothers all live in the Kansas City Metropolitan area.

Defendant has four children. He financially supports three of his children and has contact with them. He does not have contact with or financially support his youngest child.

Before his arrest, defendant was residing with Aisha McCloud. At the hearing on review of the detention order, McCloud testified that she and defendant have been in a relationship for ten years. She works at Senior Care Home. McCloud stated that if defendant is released on bond, he could live with her in Olathe, Kansas. She is willing to install a home telephone land line to accommodate an electronic monitoring device.

Defendant reported that before his arrest, he had worked for about a year at a store – Stitches – earning $866.66 dollars a month. The government, however, proffered evidence that defendant was not legitimately employed at Stitches. He was unemployed for four or five years before that. His only asset is a $7,000 car. At the review hearing, defendant proffered evidence that if released, he has an offer of employment with N & B Maintenance.

Defendant has no prior convictions.[3] Defendant's ties to Kansas City suggest that he is not a flight risk. On the other hand, the evidence that defendant attempted to flee when officers served

---

[3] At the age of 18, defendant was charged with destruction of property and simple assault; those charges were dismissed. At age 20 defendant was charged with driving while suspended and sentenced to jail for five days. From age 21 to age 28, defendant was arrested several times for offenses including possession of drugs, obstruction of legal process and possession of a weapon, but those charges were either dismissed or referred to the prosecutor with no action.

a warrant for his arrest, coupled with the seriousness of the charges against him, support a finding that he present a significant risk of flight.

Based on the information in the pretrial services report, the United States Probation Office recommended release on conditions. As the government pointed out at the initial detention hearing, however, the Probation Office has a policy that prohibits it from changing a recommendation based on facts presented at the evidentiary hearing.

## IV.     Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). Based on the grand jury's determination that defendant sold crack cocaine within 1,000 feet of a school, and that defendant had a loaded firearm when arrested, defendant poses a high risk of physical danger to the community. In addition, the government has shown a risk that defendant will commit additional crimes involving firearms and drug distribution which is sufficient to detain him. See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). Based on his prior conduct, the Court cannot predict that defendant would abandon his criminal activities.

## V.     Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will not pose a danger to the community.

**IT IS THEREFORE ORDERED** that the Motion Of Defendant Andrew Price For Reconsideration Of Detention Pending Trial With Suggestions In Support (Doc. #148) filed November 12, 2010 be and hereby is **OVERRULED**.

Dated this 6th day of December, 2010 at Kansas City, Kansas

                                              <u>s/ Kathryn H. Vratil</u>
                                              Kathryn H. Vratil
                                              United States District Judge