IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20129-05-KHV |
| ANDREW J. PRICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Defendant's Motion Under 18 U.S.C. § 3582(c)(2) For Modification Of Sentence By A Person In Federal Custody (Doc. #870) filed February 6, 2015 is **DISMISSED for lack of jurisdiction.** On September 15, 2011, the Court sentenced defendant to 240 months in prison based solely on the binding plea agreement under Rule 11(c)(1)(C). See Judgment In A Criminal Case (Doc. #604); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #353) filed April 15, 2011. Because the plea agreement calls for a specific sentence and does not use or employ a guideline sentencing range, the Court dismisses defendant's motion for relief under 18 U.S.C. § 3582(c)(2). United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013).[1]

**IT IS SO ORDERED**.

Dated this 24th day of February, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] In his motion, defendant argues that his waiver of the right to file a motion under 18 U.S.C. § 3582(c)(2) is not valid because counsel was ineffective in explaining the provision to him. See Motion Under 18 U.S.C. § 3582(c)(2) For Modification Of Sentence By A Person In Federal Custody (Doc. #870) at 3-6. In dismissing defendant's present motion, the Court does not rely on the waiver in the plea agreement.