IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20129-05-KHV |
| ANDREW J. PRICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On September 15, 2011, the Court sentenced defendant to 240 months in prison based solely on the binding plea agreement under Rule 11(c)(1)(C). See Judgment In A Criminal Case (Doc. #604); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #353) filed April 15, 2011. On February 24, 2015, the Court overruled defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range. See Order (Doc. #833) at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)). This matter is before the Court on Defendant's Motion For Reconsideration (Doc. #878) filed March 9, 2015.

Defendant argues that he is entitled to relief because the specified term of imprisonment in the plea agreement was based on a guideline range. Defendant's Motion For Reconsideration (Doc. #878) at 2. He argues that Graham is distinguishable because the plea agreement here contains language that both "parties are of the belief that the proposed sentence does not offend the now advisory guidelines." Id. at 1 (quoting Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #353) ¶ 4). Read in its entirety, the plea agreement here called for a sentence of a specific number of months, not a specific offense level or range under the guidelines. See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #353) ¶ 4 ("parties are of the belief that the proposed sentence does not offend the

now advisory sentencing guidelines, *but because this proposed sentence is sought pursuant to Fed. R. Civ. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence*") (emphasis added); id., ¶ 3 (parties propose sentence of 240 months).  Absent language in the plea agreement using or employing a specific guidelines range, a sentence pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" the plea agreement, not the Sentencing Guidelines.  Graham, 704 F.3d at 1278 (citing Freeman v. United States, 131 S. Ct. 2685 (2011)).  The Court therefore overrules defendant's motion for reconsideration.

**IT IS SO ORDERED** that Defendant's Motion For Reconsideration (Doc. #878) filed March 9, 2015 be and hereby is **OVERRULED.**

Dated this 4th day of May, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge