**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 10-20129-05-KHV |
| ANDREW J. PRICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On September 15, 2011, the Court sentenced defendant to 240 months in prison.  This matter is before the Court on defendant's Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2), And Retroactive Amendment 782 (Doc. #935) and defendant's Motion Requesting Assistance Of Counsel To Assist Defendant With Pending Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #934), both filed February 21, 2017.  For reasons stated below, the Court dismisses defendant's motion to reduce sentence for lack of jurisdiction and overrules defendant's motion to appoint counsel.

**I.      Motion To Reduce Sentence**

On September 15, 2011, the Court sentenced defendant to 240 months in prison based solely on the binding plea agreement under Rule 11(c)(1)(C).  See Judgment In A Criminal Case (Doc. #604); Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #353) filed April 15, 2011.  On February 24, 2015, the Court overruled defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range.  See Order (Doc. #833) at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)).  On May 4, 2015, the Court overruled Defendant's Motion For Reconsideration (Doc. #878).  See Memorandum And Order (Doc. #883). The Tenth Circuit affirmed.

See Order And Judgment (Doc. #898).

Defendant argues that this Court and the Tenth Circuit erroneously relied on Graham and misinterpreted the Supreme Court opinion in Freeman v. United States, 131 S. Ct. 2685 (2011). The law of the case doctrine posits that when a court decides a rule of law, that decision "should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983); see United States v. West, 646 F.3d 745, 748 (10th Cir. 2011) (law of case doctrine precludes relitigation of legal ruling in case once it has been decided). The doctrine seeks to preserve the finality of judgments, to prevent continued re-argument of issues already decided, and to preserve scarce judicial resources. Procter & Gamble Co. v. Haugen, 317 F.3d 1121, 1132-33 (10th Cir. 2003). The doctrine has particular relevance following remand from a court of appeals. Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1132 (10th Cir. 2001). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995). An important corollary to the law of the case doctrine, known as the "mandate rule," requires a district court to comply strictly with the mandate rendered by the reviewing court. See Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 114 F.3d 1513, 1520-21 (10th Cir. 1997).

Here, the Tenth Circuit specifically found that in light of the binding plea agreement under Rule 11(c)(1)(C), this Court lacked jurisdiction to grant defendant relief under Amendment 782. See Order And Judgment (Doc. #898) at 4-8. Defendant has not cited any potential exception to the law

-2-

of the case doctrine or mandate rule.[1]  Defendant argues that the Tenth Circuit erroneously relied on

Graham and an incorrect interpretation of Freeman.  Both Graham and Freeman were part of existing

law when the Tenth Circuit decided defendant's appeal in November of 2015.  Accordingly, under the

law of the case doctrine, the Court dismisses defendant's motion to reduce sentence.

## II.      Motion To Appoint Counsel

Defendant seeks counsel to assist with his motion to reduce sentence.  Defendant has no

constitutional or statutory right to appointment of counsel in the prosecution of his motion.  In

determining whether to appoint counsel in a civil case, the Court considers several factors including

(1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the

litigant's ability to present his or her claims; and (4) the complexity of the claims involved.  See

Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).  Applying these factors, defendant is not

entitled to counsel.  As explained above, this Court already decided the precise issue which defendant

has raised in his motion and the Tenth Circuit affirmed that ruling.  Moreover, defendant's claim is not

particularly complex factually or legally and he is able to adequately present his claim.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reduce Sentence Pursuant To

18 U.S.C. § 3582(c)(2), And Retroactive Amendment 782 (Doc. #935) filed February 24, 2017 is

**DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's Motion Requesting Assistance Of Counsel To

Assist Defendant With Pending Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc.

---

[1]      The Tenth Circuit recognizes only three "exceptionally narrow" grounds for departure from the law of the case doctrine: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.  United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir. 1998).

#934) filed February 21, 2017 is **OVERRULED.**

Dated this 27th day of February, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge