IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20129-05-KHV |
| ) | |
| ANDREW PRICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On September 15, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. On February 24, 2015, the Court dismissed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] The United States Supreme Court recently held that a defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018). Under 18 U.S.C. § 3582(c)(2), the Court can grant relief on its own motion. For reasons stated below, the Court appoints counsel for defendant and orders the parties to file memoranda on defendant's eligibility for relief under Amendment 782.

## Analysis

**I.  Appointment Of Counsel**

In light of Hughes, defendant potentially is eligible for relief under Section 3582(c)(2). The

---

[1] Because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, the Court dismissed defendant's motion for lack of jurisdiction. See Order (Doc. #873) filed February 24, 2015 at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)); see also Memorandum And Order (Doc. #936) filed February 27, 2017 (dismissing renewed motion to reduce sentence under Amendment 782).

Honorable J. Thomas Marten of the District of Kansas appointed the Office of the Federal Public Defender to represent any defendant previously determined to have been entitled to appointment of counsel or who is now indigent to determine whether that defendant may qualify for relief under Amendment 782. Defendant previously qualified for appointment of counsel. Accordingly, the Court orders that if the Office of the Federal Public Defender can do so without violating relevant canons of ethics, it shall enter an appearance to represent defendant in this proceeding.

## II.  **Additional Briefing**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

So the Court can properly consider whether to grant relief, the parties shall file memoranda which address whether defendant is eligible for relief under Section 3582(c)(2) and whether relief

is appropriate in light of the sentencing factors in Section 3553(a). In addition, the memoranda shall address (1) the factors that the Court relied on in accepting the recommended sentence in the Rule 11(c)(1)(C) agreement, (2) how defendant's guideline range impacted the Court's decision to accept the Rule 11(c)(1)(C) agreement, (3) any public safety considerations and (4) defendant's post-sentencing conduct. See Hughes, 138 S. Ct. at 1778 (if district court would have imposed same sentence even if defendant had been subject to lower range, court has discretion to deny relief); United States v. Osborn, 679 F.3d 1193, 1195 (10th Cir. 2012) (in addition to Section 3553(a) factors, court may consider post-sentencing conduct); U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) (public safety considerations); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (post-sentencing conduct).

**IT IS THEREFORE ORDERED that if the Office of the Federal Public Defender can do so without violating relevant canons of ethics, it shall enter an appearance to represent defendant in this proceeding by July 20, 2018.**

**IT IS FURTHER ORDERED that on or before July 25, 2018, defendant shall file through counsel a memorandum which addresses the above issues. On or before July 31, 2018, the government shall file a response.**

**The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.**

Dated this 13th day of July, 2018 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge