# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW J. PRICE, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL ACTION <br><br> No. 10-20129-05-KHV |

## MEMORANDUM AND ORDER

On September 15, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. On February 24, 2015, the Court dismissed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] The United States Supreme Court later held that a defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018). On July 13, 2018, the Court appointed counsel for defendant and ordered the parties to file memoranda on defendant's eligibility for relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels in the Drug Quantity Table at U.S.S.G. § 2D1.1. See Memorandum And Order (Doc. #978). This matter is before the Court on defendant's Memorandum Explaining Sentencing Reduction (Doc. #987) filed

---

[1] Because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, the Court dismissed defendant's motion for lack of jurisdiction. See Order (Doc. #873) filed February 24, 2015 at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)); see also Memorandum And Order (Doc. #936) filed February 27, 2017 (dismissing renewed motion to reduce sentence under Amendment 782).

August 27, 2018, which the Court construes as a motion to reduce sentence under Sentencing Guidelines Amendment 782. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show that he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

As noted, the Court directed the parties to file memoranda which address whether defendant is eligible for relief under Section 3582(c)(2) and whether relief is appropriate in light of the sentencing factors in Section 3553(a). See Memorandum And Order (Doc. #978) at 2-3. Defendant's memorandum does not sufficiently address whether Amendment 782 reduces his

offense level. In particular, the quantity of cocaine base attributable to defendant in the PSR is sufficient to satisfy the amended threshold quantity for a base offense level of 38.

At the original sentencing, the Court did not need to make a specific finding of the quantity of cocaine base beyond the threshold quantity to qualify for the highest base offense level of 38. See Presentence Investigation Report ("PSR") (Doc. #583) filed September 7, 2011, ¶ 164 (finding drug quantity "4.5 kilograms of more of cocaine base"); id., ¶ 158 (cocaine base produced and distributed estimated to be "well above the quantity that establishes a Base Offense Level of 38"). In this proceeding under Section 3582(c)(2), however, the Court is not bound to find *exactly* the original threshold quantity of 4.5 kilograms of cocaine base. See United States v. Battle, 706 F.3d 1313, 1319 (10th Cir. 2013). To determine the amended guideline range that would have applied under Amendment 782, the Court may look to its previous findings, including any portion of the presentence investigation report adopted at sentencing, to make supplemental calculations of drug quantity. Id.; see United States v. Bruner, 513 F. App'x 779, 786 (10th Cir. 2013) (district court has authority to make supplemental drug-quantity calculation); United States v. Valdez, 320 F. App'x 863, 866 (10th Cir. 2009) (in § 3582(c)(2) proceeding, court may rely on facts in presentence report adopted at original sentencing).

In determining the amended guideline range, the Court substitutes only the retroactive amendments listed in Section 1B1.10(d) for the corresponding Guidelines provisions that were applied when defendant was sentenced and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Section 3582(c)(2) does not permit the Court to revisit its initial finding that defendant was responsible for at least 4.5 kilograms of cocaine base. At

sentencing, defendant did not object to the findings in the PSR, which the Court adopted without change.  See Statement Of Reasons (Doc. #605) filed September 16, 2011 at 1.  Likewise, in this Section 3582(c)(2) proceeding, defendant has not challenged the Court's original drug quantity findings in the PSR.  Indeed, the Court has no authority to revisit the drug quantity calculations as part of this proceeding.[2]

Here, under the amended Guidelines, defendant's base offense level remains 38 because the amount of cocaine base attributable to defendant in the PSR (at least 37 kilograms) exceeds the amended threshold of 25.2 kilograms of cocaine base.  See U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2018) (base offense level of 38 for at least 25.2 kilograms of cocaine base); PSR ¶ 158(a) (first method: multiple people in conspiracy selling one kilogram per month for 37 months); ¶ 158(b) (second method: 277.5 kilograms of cocaine base); ¶ 158(c) (third method: "very conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy).  Because defendant has not shown that Amendment 782 lowered his guideline range, the Court dismisses his motion to

---

[2] See United States v. Larsen, 664 F. App'x 751, 753 (10th Cir. 2016) (because defendant did not object to drug quantity calculation at sentencing and Amendment 782 does not impact how quantities of drugs are calculated, district court had no ability to revisit calculations); United States v. Burkins, 596 F. App'x 685, 690 (10th Cir. 2014) (challenge to drug quantity finding should be raised on direct appeal, not in § 3582(c)(2) proceeding); United States v. Washington, 759 F.3d 1175, 1184-85 (10th Cir. 2014) (attack on quantity would be "brand new direct appeal, something utterly at odds with the limited and streamlined eligibility determination envisioned in § 3582(c)(2), U.S.S.G. § 1B1.10, and Dillon [v. United States, 560 U.S. 817 (2010)]"); United States v. Kennedy, 722 F.3d 439, 442-43 (D.C. Cir. 2013) (district court adoption of PSR was implicit drug-quantity finding, which could not be collaterally attacked in § 3582(c)(2) proceeding); United States v. Hooks, 551 F.3d 1205, 1217 (10th Cir. 2009) (under Fed. R. Crim. P. 32(i)(3)(A), district court may accept undisputed portion of PSR as finding of fact); Valdez, 320 F. App'x at 866 (where defendant had not objected to facts in PSR, court properly relied in § 3582 proceeding on findings adopted at original sentencing); see also Dillon, 560 U.S. at 826 (rejecting challenge to sentencing court's erroneous application of Guidelines as mandatory because it was beyond scope of § 3582 proceeding).

reduce sentence for lack of jurisdiction.[3]

**IT IS THEREFORE ORDERED** that defendant's <u>Memorandum Explaining Sentencing Reduction</u> (Doc. #987) filed August 27, 2018, which the Court construes as a motion to reduce sentence under Sentencing Guidelines Amendment 782, is **DISMISSED**.

Dated this 7th day of August, 2019 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[3] The Court dismissed Section 3582(c)(2) motions in the cases of codefendants who had their offense levels calculated in a similar manner. <u>See, e.g.</u>, <u>Memorandum And Order [As to Antonio Quinn]</u> (Doc. #980) filed July 17, 2018, at 2 (offense level remains at 38 under amended guidelines because the Court attributed at least 25.2 kilograms of cocaine base to him); <u>Memorandum And Order [As to Steven L. Quinn]</u> (Doc. #979) filed July 13, 2018, at 2 (same); <u>Memorandum And Order [As to Marcus Quinn]</u> (Doc. #882) filed April 27, 2015, at 1 (offense level remains at 38 because under the most conservative estimate, the Court attributed more than 25.2 kilograms of cocaine base to him).