IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20129-05-KHV |
| | ) | |
| ANDREW J. PRICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

On September 15, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. On August 7, 2019, the Court dismissed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). On August 17, 2020, the Tenth Circuit reversed and remanded because the Court did not make "particularized findings as to the weight of crack cocaine attributable to Mr. Price." Order And Judgment (Doc. #1048) at 5. As explained below, the Court directs the parties to file supplemental memoranda to address the issues raised in the Tenth Circuit's order.

A defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under 18 U.S.C. § 3582(c)(2) so long as his guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (2018). So the Court can properly consider whether to grant defendant relief under Section 3582(c)(2), the parties shall file memoranda which address (1) whether defendant is eligible for relief, (2) whether relief is appropriate in light of the sentencing factors in Section 3553(a), (3) the factors that the Court relied on in accepting the recommended sentence in the Rule 11(c)(1)(C) agreement, (4) how defendant's guideline range impacted the Court's

decision to accept the Rule 11(c)(1)(C) agreement, (5) any public safety considerations and (6) defendant's post-sentencing conduct.[1]  In addition, the memoranda shall (1) address the procedure for the Court to make particularized and additional findings as to the weight of crack cocaine attributable to defendant, (2) include proposed particularized findings with citations to the record (or proffered evidence) as to the weight of crack cocaine attributable to defendant and (3) explain how such particularized findings are consistent with the presentence investigation report and the Court's findings at sentencing.

**IT IS THEREFORE ORDERED that on or before October 30, 2020, defendant shall file a memorandum which addresses the above issues related to his request for relief under 18 U.S.C. § 3582(c)(2).  On or before November 20, 2020, the government shall file a response.  On or before December 4, 2020, defendant may file a reply.**

Dated this 2nd day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1]  See Hughes, 138 S. Ct. at 1778 (if district court would have imposed same sentence even if defendant had been subject to lower range, court has discretion to deny relief); United States v. Osborn, 679 F.3d 1193, 1195 (10th Cir. 2012) (in addition to Section 3553(a) factors, court may consider post-sentencing conduct); U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) (public safety considerations); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (post-sentencing conduct).