# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   CRIMINAL ACTION |
| | ) |
| v. | )   No. 10-20129-05-KHV |
| | ) |
| ANDREW J. PRICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

On September 15, 2011, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P.  On August 7, 2019, the Court dismissed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  On August 17, 2020, the Tenth Circuit reversed and remanded because the Court did not make "particularized findings as to the weight of crack cocaine attributable to Mr. Price."  Order And Judgment (Doc. #1048) at 5.  On October 2, 2020, the Court directed the parties to file supplemental memoranda to address the issues raised in the Tenth Circuit order.  See Order (Doc. #1049).  Defendant has filed a supplemental memorandum, but the government did not do so. See Memorandum In Support Of Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. #1052) filed October 30, 2020.  For reasons stated below, the Court reduces defendant's sentence to time served.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Section 3582(c)(2) permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently

been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a Guidelines range that the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).   Under Tenth Circuit precedent, the first hurdle is jurisdictional.   Id. at 1289.

The proceedings on a Section 3582(c)(2) motion "do not constitute a full resentencing." United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10(a)(3); see Dillon v. United States, 560 U.S. 817, 825–26 (2010) (statute's text, together with its narrow scope, shows Congress intended to authorize only limited adjustment to otherwise final sentence and not plenary resentencing proceeding; court does not impose new sentence in usual sense, but merely reduces otherwise final sentence in certain limited circumstances).   In determining whether and to what extent a reduction is warranted under Section 3582(c)(2), the Court determines the amended guideline range that would have applied if the retroactive amendment had been in effect when defendant was originally sentenced.   U.S.S.G. § 1B1.10(b)(1).   In doing so, the Court substitutes only the retroactive amendments listed in Section 1B1.10(d) for the corresponding Guidelines provisions that were applied when defendant was sentenced and "shall leave all other guideline application decisions unaffected.   Id.; see Freeman v. United States, 564 U.S. 522, 531 (2011) (plurality opinion) (all Guidelines decisions from original sentencing remain in place, except sentencing range that

retroactive amendment altered).  Accordingly, the Court cannot recalculate aspects of a sentence that the retroactive amendment did not impact.  United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013); see Dillon, 560 U.S. at 831 (Section 3582(c)(2) proceedings do not permit challenges to aspects of sentence not affected by Commission amendment to § 2D1.1).  A defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under 18 U.S.C. § 3582(c)(2) so long as his guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement."  Hughes v. United States, 138 S. Ct. 1765, 1775 (2018).

As explained above, to establish that the district court has jurisdiction over a Section 3582(c)(2) motion, "defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing."  C.D., 848 F.3d at 1289.[1]  On appeal in this case, the Tenth Circuit held that in determining whether Amendment 782 lowered defendant's guideline range, this Court had to "make particularized findings about[] the scope of the specific agreement the individual defendant joined in relation to the conspiracy as a whole."  Order And Judgment (Doc. #1048) at 3 (quoting United States v. Figueroa-Labrada, 720 F.3d 1258, 1265 (10th Cir. 2013)).  Further, the Tenth Circuit noted that "[a] *sentencing court* must make particularized findings to support the attribution of a coconspirator's actions to the defendant . . . whether or not the defendant asks it [to] do so or disputes the attribution."  Id. at 5

---

[1]     Likewise, other courts have held that defendant bears the burden to show that a retroactive sentencing amendment "actually lowered his guidelines range in his case."  United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); see United States v. Benson, 715 F.3d 705, 708 (8th Cir. 2013) (government does not have burden—some 16 years later—to prove substance-by-substance breakdown of total drug quantity that original sentencing court found).  But see United States v. Sprague, 135 F.3d 1301, 1307 (9th Cir. 1998) (once defendant establishes sentencing amendment applies, burden of proof shifts to government to establish base offense level, that is, weight of controlled substance).

(quoting <u>Figueroa-Labrada</u>, 720 F.3d at 1264) (emphasis added).  In other words, on a motion under Section 3582(c)(2), the Court must make essentially the same particularized findings on drug quantity as it is required to make at an initial sentencing.  In addition, this requirement applies even if—as here—defendant did not object to the lack of particularized findings at the initial sentencing, on direct appeal or in a motion to vacate sentence under 28 U.S.C. § 2255.

After remand, so the Court could properly consider whether to grant defendant relief under Section 3582(c)(2), it directed the parties to file memoranda which (1) addressed the procedure for the Court to make particularized and additional findings as to the weight of crack cocaine attributable to defendant, (2) included proposed particularized findings with citations to the record (or proffered evidence) as to the weight of crack cocaine attributable to defendant and (3) explained how such particularized findings were consistent with the presentence investigation report and the Court's findings at sentencing.  <u>See</u> <u>Order</u> (Doc. #1049) at 2.[2]

As to the quantity of crack cocaine attributable to defendant, he suggests that the Court attribute 8.5 kilograms based on his admission to the factual summary in the plea agreement which noted that the "total amount of crack cocaine trafficked by members of the [drug trafficking organization] was well in excess of 8.5 kilograms of crack cocaine."  <u>Memorandum In Support Of Sentence Reduction Under 18 U.S.C. § 3582(c)(2)</u> (Doc. #1052) at 13.  That estimate suffers the same flaw, however, as the three more precise estimates in the presentence investigation report.

---

[2]     The Court also directed that the memoranda address (1) whether defendant was eligible for relief, (2) whether relief was appropriate in light of the sentencing factors in Section 3553(a), (3) the factors that the Court relied on in accepting the recommended sentence in the Rule 11(c)(1)(C) agreement, (4) how defendant's guideline range impacted the Court's decision to accept the Rule 11(c)(1)(C) agreement, (5) any public safety considerations and (6) defendant's post-sentencing conduct.  <u>See</u> <u>Order</u> (Doc. #1049) at 1–2.

See Presentence Investigation Report ("PSR") (Doc. #583) filed September 7, 2011, ¶ 158.  All of the estimates rely on the amount of crack cocaine that other members of the conspiracy trafficked without showing that the amount was within the scope of defendant's agreement with the coconspirators and reasonably foreseeable to him.  Based on the Tenth Circuit mandate, the Court cannot adopt defendant's suggested approach.

On appeal, defendant and the government argued that this Court had to make specific findings about the quantity of drugs attributable to defendant under relevant-conduct principles. The Tenth Circuit confirmed that this Court must make such findings on remand.  Defendant seeks to skip the relevant-conduct analysis on remand, however, and have the Court attribute 8.5 kilograms of crack cocaine based solely on his agreement that the drug trafficking organization trafficked a quantity well in excess of that amount.  The government—apparently recognizing the complexity of the task of establishing a more precise drug quantity some nine years after the original sentencing—did not file a memorandum on the issue and relies on defendant's representation that he is entitled to relief.

Based on the Tenth Circuit mandate, to determine whether Amendment 782 lowered defendant's base offense level, the Court must make particularized findings about defendant's personal involvement in the conspiracy and attribution of others' actions to him under relevant-conduct principles.  It appears that defendant's direct participation included some 127.5 grams of cocaine and some 36.5 grams of crack cocaine.  See PSR, ¶ 155 (4.5 ounces or 127.5 grams of powder cocaine); id., ¶ 156 (8.7 grams of crack cocaine); id., ¶ 157 (27.8 grams of crack cocaine). The parties offer no plausible theory or findings for the Court to estimate the amount of crack cocaine—above 4.5 kilograms—that is attributable to defendant under relevant-conduct

principles.  In addition, Section 3582(c)(2) does not permit the Court to revisit its initial finding that defendant was responsible for at least 4.5 kilograms of cocaine base.  At sentencing, neither party objected to the finding in the PSR that an offense level 38 applied because defendant was responsible for at least 4.5 kilograms of cocaine base.  In these circumstances, the Court must err on the side of caution and attribute to defendant no more than the minimal amount that it attributed to defendant at the original sentencing, i.e. 4.5 kilograms.[3]  See Battle, 706 F.3d at 1320 (district court may estimate amount of drugs attributable to defendant, but when choosing between several plausible estimates of drug quantity, none of which is more likely than not correct quantity, court must err on side of caution).  Accordingly, after retroactive Amendment 782, defendant's base offense level is 34 because he was responsible for at least 2.8 kilograms but less than 8.4 kilograms of cocaine base.[4]  See U.S.S.G. § 2D1.1(c)(3).

---

[3]     A finding that defendant is responsible for less than 4.5 kilograms would be inconsistent with the Court's findings at the original sentencing.  See United States v. Piper, 839 F.3d 1261, 1268 (10th Cir. 2016) (cases cited in Battle clarify that district court "cannot make findings inconsistent with that of the original sentencing court"); see also United States v. Jehan, 949 F.3d 1030, 1033 (7th Cir. 2020) (district court supplemental findings of fact must be consistent with original sentencing findings); United States v. Mercado-Moreno, 869 F.3d 942, 955 (9th Cir. 2017) (district court supplemental findings on drug quantity attributable to defendant cannot contradict findings made by original sentencing court).

[4]     In November of 2010, Amendment 750 (1) increased the amount of crack cocaine required to establish the maximum base offense level 38 from 4.5 to 8.4 kilograms, (2) increased the amount of crack cocaine required to establish a base offense level 36 to a range of at least 2.8 kilograms but less than 8.4 kilograms (replacing prior range of 1.5 to 4.5 kilograms) and (3) increased the amount of crack cocaine required to establish a base offense level 34 to a range of at least 840 grams but less than 2.8 kilograms (replacing prior range of 500 grams to 1.5 kilograms).  United States v. Norwood, 548 F. App'x 550, 552–53 (10th Cir. 2013); U.S.S.G. App. C, Vol. III, Amend. 750.  Amendment 782 subsequently increased the quantity of crack cocaine necessary to establish each of these offense levels. Under Amendment 782, (1) a base offense level 38 applied if the offense involved 25.2 kilograms or more of crack cocaine, (2) a base offense level 36 applied if the offense involved at least 8.4 kilograms but less than 25.2 kilograms

(continued . . .)

Defendant originally had a total offense level of 37 with a criminal history category I for a guideline range of 210 to 262 months.  See PSR (Doc. #583), ¶ 204.  After Amendments 750 and 782 and based on a total of 4.5 kilograms of crack cocaine attributed to defendant, his base offense level is reduced four levels to 34.  After applying the same adjustments that the Court applied at defendant's original sentencing (two-level enhancement for a firearm and three-level reduction for acceptance of responsibility), defendant's total offense level is 33.  Based on a total offense level 33 and criminal history category I, defendant's amended guideline range is 135 to 168 months.

The Court may reduce defendant's term of imprisonment, after considering any applicable factors set forth in Section 3553(a), if such a reduction is warranted in whole or in part under the circumstances of the case and is consistent with applicable Sentencing Commission policy statements.   18 U.S.C. § 3582(c)(2);  Dillon, 560 U.S. at 827;  see U.S.S.G. § 1B1.10.  Among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes

---

[4](. . .continued)
of crack cocaine and (3) a base offense level 34 applied if the offense involved at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine.   See U.S.S.G. App. C, Vol. III, Amend. 782.   Because the Court attributes 4.5 kilograms of crack cocaine to defendant, the combined effect of Amendments 750 and 782 reduces his base offense level to 34—a reduction of four levels from his original base offense level 38.

Even though Amendment 750 was effective before the Court sentenced defendant in September of 2011, the parties did not object to the PSR which applied a threshold for base offense level 38 of 4.5 kilograms rather than the then current threshold of 8.4 kilograms.  See Supplement to the 2010 Guidelines Manual (effective Nov. 1, 2010).   Even so, because retroactive Amendment 782 further modified the quantity of crack cocaine necessary to establish a base offense level of 38, the Court must determine defendant's amended guideline range based on the combined effect of both Amendments 750 and 782 as set forth in the current Guidelines.

by defendant and any threat to public safety.  United States v. Osborn, 679 F.3d 1193, 1195–96 (10th Cir. 2012); U.S.S.G. § 1B1.10 cmt. app. n.1(B)(ii).  The Court may also consider post-sentencing conduct.  See Osborn, 679 F.3d at 1195; U.S.S.G. § 1B1.10 cmt. app. n.1(B)(iii).  Finally, in the context of Rule 11(c)(1)(C) agreements, the Court may consider the benefits which defendant gained under the agreement, "for the statute permits but does not require the court to reduce a sentence."  Hughes, 138 S. Ct. at 1777 (quoting Freeman, 564 U.S. at 532).

Defendant asks the Court to impose an amended sentence of 168 months—the low end of the parties' calculated guideline range of 168 to 210 months based on the mistaken assumption that the total amended offense level is 35.  The government asserts that the Court should impose a sentence of 192 months—slightly above the midrange of the parties' calculated guideline range.  As explained above, however, defendant's amended guideline range is 135 to 168 months.  Including good time credit, defendant already has served 143 months.  A sentence of time served—which equates to a sentence of 143 months—is within the amended guideline range of 135 to 168 months.  The Court finds that a time served sentence is consistent with defendant's history and characteristics, the seriousness of the offense, the need for deterrence and the need to protect the public.  See 18 U.S.C. § 3553(a).  More importantly, defendant's post-sentencing conduct and rehabilitation have been exemplary.  In more than ten years in prison, he has had no disciplinary incidents.  He has completed more than 2,000 hours of educational and vocational programing.  He also has maintained various jobs in prison and has strengthened his relationships with family members.  Upon release, defendant intends to obtain a commercial driver's license and work for a truck line.  The government does not dispute defendant's successful post-sentencing rehabilitation.  Indeed, the government offers no argument to suggest that defendant

would pose a danger to society upon release or that a sentence above the low end of the properly calculated guideline range is appropriate.  After balancing the above factors, the Court reduces defendant's sentence to time served.

**IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Amendment 782 to the Sentencing Guidelines, the Court reduces defendant's sentence of 240 months in prison, originally imposed on September 15, 2011, to TIME SERVED.  During the first 14 days after his release from prison, defendant shall self-quarantine.  All other terms and conditions of the original <u>Judgment In A Criminal Case</u> (Doc. #604) filed September 16, 2011 shall continue to apply including a term of supervised release of five years.**

Dated this 24th day of December, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge