IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20129-05-KHV |
| | ) | |
| ANDREW J. PRICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #1123) filed February 14, 2022. The United States Probation Office supports defendant's motion, but the United States Attorney opposes it. For reasons stated below, the Court sustains defendant's motion.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court has "broad discretion" to grant or deny termination of supervised release. Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (citing Burkey v. Marberry, 556 F.3d 142, 144–45 (3d Cir. 2009)).

The Court has considered the positions of the United States Attorney and the United States Probation Office, as well as the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). For substantially the reasons stated in defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #1123) and in the Memorandum And Order (Doc. #1064) filed December 24, 2020, the Court finds that defendant's term of supervised release should be terminated. In particular, defendant's post-sentencing

conduct and rehabilitation have been exemplary.  In more than ten years in prison, he had no disciplinary incidents.  In prison, he completed more than 2,000 hours of educational and vocational programing.  He also maintained various jobs in prison and strengthened his relationships with family members.  After release, defendant established a personal residence and maintained a job.  He has done well on supervision, maintained contact with his supervising officer and has no dirty UAs or other violations.  It does not appear that continued supervision would be helpful or necessary to ensure that defendant continues to adjust to his release after prison.  Based on defendant's showing and the relevant factors under Section 3553(a), the Court sustains defendant's motion for early termination of supervised release.

**IT IS THEREFORE ORDERED** that defendant's Motion To Terminate Defendant's Term Of Supervised Release (Doc. #1123) filed February 14, 2022 is **SUSTAINED**.  The Court terminates the remaining term of defendant's supervised release.  Defendant is discharged.

Dated this 14th day of March, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge